## Paul Andryczka v. The Towarzystwo, etc.

1. Instructions—*When Not Reversible Error.*—The giving of an instruction which might have been worded with more technical accuracy, if the court can not say that the jury were misled by it, is not reversible error.

2. Appellate Court Practice—*Abstracts Must Contain Bonds Referred to in Instructions.*—Where a bond referred to in an instruction is not set out in the abstract, the court can not pass upon an objection to the instruction.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. John C. Garver, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed January 4, 1900.

John C. Trainor, attorney for appellant.

William A. Doyle, attorney for appellee.

Mr. Justice Adams delivered the opinion of the court.

This was an action by appellant to recover damages alleged to have occurred by reason of the failure of appellee to renew an insurance policy insuring appellant in the sum of $700 against loss by fire, the property so insured having been destroyed by fire after the expiration of the time for which it was insured.

The declaration, after averring that a loan was about to be made by defendant to plaintiff, avers, in substance, that the defendant, " by Alfred Wilkoshesky, its duly authorized

agent, notary public and attorney, demanded of the plaintiff that he surrender and deliver, with proper consent and indorsement of said insurance company, said insurance policy to the defendant as additional security for the loan aforesaid; " that plaintiff objected, stating that the policy would soon expire and that he wanted, himself, to attend at the expiration thereof to getting out a new policy; but defendant, " by its duly authorized agent," insisted on the delivery to it of the policy, and assured plaintiff that, at the expiration thereof, it would have it renewed, or take out a new policy in another company, etc., without any further care, anxiety or notice on the part of plaintiff, and that plaintiff, relying on said assurances, complied with defendant's request; that the policy expired April 18, 1894, at noon of said day; that the defendant did not renew the same nor take out a new policy, and that the insured property was destroyed by fire June 15, 1894, to the damage of plaintiff, $1,500.

The jury found for appellee, and judgment was rendered on the verdict. The defendant did not renew the policy or procure another, and the insured property was destroyed by fire after the expiration of the policy.

The main contest on the trial was as to whether Wilkoshesky was authorized by appellee to agree that appellee would have the policy renewed, and as to whether Wilkoshesky did in fact so agree. Appellant testified substantially as averred in the declaration, and that he delivered the policy to Wilkoshesky at his, appellant's, house. Wilkoshesky testified that he did not receive the policy from appellant; that he had no conversation with him about it; that the first he knew of it, he found it in a bundle of papers handed to him by appellee's president; that when he went to appellant's house, he went to procure the signature and acknowledgment of appellant and his wife to a mortgage, to secure the proposed loan. Charles Koski, appellee's president, testified that he handed to Wilkoshesky, for the purpose of examination by him, certain papers which had been brought by the appellant to the association, and that he, the wit-

ness, had not seen the papers thereafter till at the trial, and that he did not open the papers, or know what they were, before handing them to Wilkoshesky.

There can be no question that the jury were warranted by the evidence in finding for the appellee, and the contrary is not contended; but appellant's counsel objects to each and all of the instructions, which are as follows:

First. "In this case the burden of proof is on the plaintiff, and, unless the evidence preponderates in behalf of plaintiff, then he can not recover. In no event can he recover more than $700. Before the plaintiff can recover, he must prove by a preponderance of the evidence that the defendant, by an agent, authorized so to do, agreed to renew the $700 policy for the plaintiff, and failed to do so, and that the property described in such policy was lost by fire."

Second. "By law it was not the duty of defendant to renew such policy. The defendant could only be made liable by its agreement to renew, and the burden of proof is on the plaintiff to show that the defendant did agree to renew the $700 policy."

Third. "In this case plaintiff has called as witnesses certain officers or agents of the company, and, by calling them, vouches for their credibility, and plaintiff can not discredit their testimony by impeaching their testimony. But he may show by evidence what the facts are."

Fourth. "The court instructs the jury that any statements in the board of directors by any individual that the company ought to pay the loss is not binding on the company and should not be considered by the jury."

Fifth. "The court further instructs you that the bond read in evidence was admitted by the court to show the relation of the witness Andryczka to the loan association— and for no other purpose."

Sixth. "It is not shown here that the association could recover the loss, if it paid it, of the notary, and you should disregard all arguments or statements of counsel to that effect, or that tend to discredit the witnesses called by him."

The objections to instruction one, are that it contains nothing on the subject of ratification of Wilkoshesky's agency; that it specifies $700 as the amount of policy, and that it is misleading in telling the jury that unless Wilkoshesky had authority to bind the defendant at the time of

the agreement, plaintiff could not recover. The declaration avers that Wilkoshesky was the appellee's authorized agent at the time of the alleged agreement; the instruction properly is that it was incumbent on appellant to prove that allegation. There is no evidence of ratification by the appellee corporation; but if it be conceded that there was such evidence, the effect of the instruction would not be, as counsel assumes, to exclude such evidence from the jury, because the ratification of an act is not only equivalent to authority prior to the performance of the act, but is evidence of such authority. The reference to the policy by the words, "agreed to renew the $700 policy," is merely descriptive of the policy and corresponds with appellant's declaration. The specific objection to the mention of a $700 policy is that the jury might understand that the damages were limited to that amount, whereas there was evidence tending to prove that the loss exceeded that sum, but appellant's counsel, in his address to the jury, expressly asked for a verdict for $700.

We perceive no sound objection to the second instruction. The third instruction is criticised as misleading. The first part of the instruction evidently means that appellant could not directly attack the veracity of a witness called by himself, while the last clause of the instruction is to the effect that appellant might show the actual facts by any other witness, and so would not be bound by the testimony of the former witness. The instruction might have been worded with more technical accuracy, but we can not say that the jury might have been misled by it, or that the giving of it is reversible error. The fourth instruction states the law. The bond referred to in the fifth instruction is not set out in the abstract, nor is there any abstract of it. Therefore we can not pass on the objection to the instruction. Counsel for appellant, in his argument to the jury, stated in substance that Wilkoshesky would be liable to appellee on his $5,000 bond for any neglect, in case a verdict should be rendered against appellee. It not appearing from the abstract what the conditions of the bond are, we can not tell what

Wilkoshesky's liability would be in the event of a verdict against appellee, and it must be presumed that the trial judge who saw the bond and its conditions, and whose province it was to construe it, correctly construed it, and that it did not impose any liability on Wilkoshesky in the contingency of a verdict against appellee.

We are of opinion from the evidence that if a new trial were ordered the verdict would be the same. The judgment will be affirmed.